IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA JACKSON. on behalf of Plaintiff and the class members described below, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| ASHLEY BLAKE COLLINS; RED CYPRESS GROUP; VALLEY SERVICING; APEX SERVICING; and JOHN DOES 1-20, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT – CLASS ACTION

1. Plaintiff, Amanda Jackson, brings this action to secure redress from attempts to collect predatory and unlawful loans. The collection operation is purportedly conducted by subsidiaries of the Wakpamni Lake Community Corporation, a corporation organized under the law of the Oglala Sioux Tribe. In fact, the collection operation is owned and conducted by Defendant Ashley Blake Collins out of a location in Arizona. Other parties involved in making the loans are named as John Does 1-20.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under 15 U.S.C. §1692k (Fair Debt Collection Practices Act) and 28 U.S.C. §1367. Jurisdiction may also exist under 28 U.S.C. §1332(d).

3. This Court has personal jurisdiction over Defendants because they directed collection communications into Indiana.

4. Venue is proper because the collection activity impacted Plaintiff in Indiana.

5. Article III is satisfied because Defendants illegally communicated with Plaintiff's employer.

## PARTIES

### Plaintiff

6. Plaintiff Amanda Jackson is a citizen of Indiana and a resident of Homecroft, Indiana.

### Defendants

7. Defendant Valley Servicing purports to be an entity organized under the law of the Oglala Sioux Tribe and owned by the Wakpamni Lake Community Corporation ("WLCC").

8. Defendant Valley Servicing states on its website that "Valley Servicing is a Native American owned business operated by Wakpamni Lake Community Corporation an Oglala Sioux Tribe of the Pine Ridge Indian Reservation, a federally recognized and sovereign nation located in the United States. Valley Servicing abides by all applicable federal laws and regulations and tribal law as established by the Oglala Sioux Tribe of the Pine Ridge Indian Reservation." (Exhibit A)

9. Apex Servicing also purports to be an entity organized under the law of the Oglala Sioux Tribe and owned by WLCC.

10. Apex Servicing also states on its website that "Apex Servicing is a Native American owned business operated by Wakpamni Lake Community Corporation an Oglala Sioux Tribe of the Pine Ridge Indian Reservation, a federally recognized and sovereign nation located in the United States. Apex Servicing abides by all applicable federal laws and regulations and tribal law as established by the Oglala Sioux Tribe of the Pine Ridge Indian Reservation." (Exhibit B)

11. The Pine Ridge Indian Reservation is located in South Dakota.

12. The actual entity conducting the collection operations is Defendant Red Cypress Group, which does business as Valley Servicing and Apex Servicing. It is not clear if Valley Servicing and Apex Servicing are separately chartered. Plaintiff names all three as defendants herein.

13. Red Cypress Group d/b/a Valley Servicing and Apex Servicing are engaged in the business of collecting high-interest (700% and more) loans made to consumers in Indiana and elsewhere over the Internet.

14. Defendant Red Cypress Group uses the address 333 S. Main Street, Blanding, UT 84511.

15. Valley Servicing is not in fact owned by WLCC or located on the Pine Ridge Indian Reservation or in South Dakota. It is operated through Post Office Box 31690, Mesa, Arizona 85275. It also uses as an address PO Box 637, 333 South Main St., Blanding UT 84511. Previously, it used as an address 3651 E. Baseline Road, Suite E-130, Gilbert, AZ 85295.

16. Apex Servicing is not in fact owned by WLCC or located on the Pine Ridge Indian Reservation or in South Dakota. It also uses as an address PO Box 637, 333 South Main St., Blanding UT 84511.

17. The person authorized to remove mail from Post Office Box 31690, Mesa, Arizona 85275 is Defendant Ashley Blake Collins d/b/a First Loan. (Exhibit C)

18. Defendant Ashley Blake Collins may be found at 1808 S. Sailors Way, Gilbert, Arizona 85295.

19. Defendant Ashley Blake Collins owns and manages Red Cypress Group, Apex Servicing and Valley Servicing.

20. Many delinquent high-interest loans made over the Internet are collected by Red Cypress Group d/b/a Valley Servicing and Apex Servicing.

21. Red Cypress Group d/b/a Valley Servicing and Apex Servicing is engaged in the principal business of collecting defaulted debts.

22. Valley Servicing and Apex Servicing collect debts by communicating with the debtors' employers, as set forth below.

23. John Does 1-20 are other natural or artificial persons who participated in the Internet lending scheme complained of herein.

**FACTS RELATING TO PLAINTIFF**

24. On or about March 14, 2024, a "wage assignment demand notice" was sent in the name of Valley Servicing to Plaintiff's employer. (Exhibit D)

25.     The "wage assignment demand notice" sought to collect a loan made to Plaintiff over the internet at over 700%, on which Plaintiff had ceased payments.

26.     The loan was not legally enforceable.

27.     The "wage assignment demand notice" was a standard form.

28.     The "wage assignment demand notice" is a communication to a consumer's employer that the consumer has defaulted on a purportedly lawful debt.

29.     The "wage assignment demand notice" states that the consumer owes money, when this is not true because the loan is not enforceable.

30.     Defendant Collins is personally familiar with and authorized and approved use of the "wage assignment demand notices."

31.     At the time the notice was sent to Plaintiff, Collins had been sued for use of such notices in *Fair v. Red Cypress Group*, 23cv1006 (M.D.Fla.).

32.     Defendants had also been warned of the illegality of their conduct by the Washington Department of Financial Institutions (Exhibit E).

## COUNT I - FDCPA

33.     Plaintiff incorporates paragraphs 1-32.

34.     This claim is against all Defendants.

35.     The "wage assignment demand notice" is an unlawful third party communication, in violation of 15 U.S.C. 1692c.

36.     Section 1692c provides:

§ 1692c. Communication in connection with debt collection

. . . (b) Communication with third parties. Except as provided in section 804 [15 USCS § 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .

37.     The "wage assignment demand notice" falsely represents that (a) it is a lawful means

of collection and (b) the consumer owes money.

38. These statements are untrue and violate 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5) and 1692e(10).

39. Section 1692e provides:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of—

    (A) the character, amount, or legal status of any debt; . . .

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

## CLASS ALLEGATIONS

40. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

41. The class consists of (a) all individuals with Indiana addresses or Illinois (b) who were the subject of a "wage assignment demand notice" (c) sent by Red Cypress Group, Valley Servicing, or Apex Servicing (d) on or after a date one year before the filing of this action.

42. Plaintiff may alter the class definition to conform to developments in the case and discovery.

43. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 100 class members.

44. There are questions of law and fact common to the class members, which common

questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.      Whether the "wage assignment demand notices" are unlawful;

      b.      Whether the "wage assignment demand notices" violate the FDCPA.

      c.      The responsibility of each Defendant for the illegal collection activities.

45.      Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer credit litigation.

46.      Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

47.      A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible.

      b.      Members of the class are likely to be unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

      i.      Statutory damages;

      ii.      Actual damages, including all amounts collected by means of the "wage assignment demand notices."

      iii.      Attorney's fees, litigation expenses and costs of suit;

      iv.      Such other and further relief as the Court deems proper.

**COUNT II – INDIANA DECEPTIVE CONSUMER SALES ACT – CLASS CLAIM**

48.      Plaintiff incorporates by reference paragraphs 1-32.

49.      This claim is against all Defendants.

50.      Defendants are "suppliers" for purposes of the IDCSA, in that they are entities that are "debt collectors" under the FDCPA.

51.      The efforts to collect debts are "consumer transactions" for purposes of the IDCSA.  IC 24-5-0.5-2(a)(1)(C) defines "consumer transaction" to include "The collection of or

attempt to collect a debt by a debt collector." IC24-5-0.5-2(a)(15) states that "Debt collector has the meaning set forth in 15 U.S.C. 1692a(6)" but "does not include a person admitted to the practice of law in Indiana if the person is acting within the course and scope of the person's practice as an attorney."

52. The conduct set forth above constitute unfair, abusive and deceptive acts in violation of IC 24-5-0.5-3, which provides:

> (a) A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations.
>
> (b) Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts:
>
>> (1) That such subject of a consumer transaction has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have. . . .
>>
>> (7) That the supplier has a sponsorship, approval, or affiliation in such consumer transaction the supplier does not have, and which the supplier knows or should reasonably know that the supplier does not have.
>>
>> (8) That such consumer transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies, or obligations, if the representation is false and if the supplier knows or should reasonably know that the representation is false. . . .

53. Plaintiff asserts that it is not necessary to plead or prove an incurable deceptive act to state a claim under IC 34-5-0.5-3(20); but to the extent it is necessary to state a claim under 24-5-0.5-3(20), Plaintiff avers that by trying to collect illegal debts, Defendants engaged in a scheme, device or artifice with intent to defraud, making the deceptive act an "incurable deceptive act".

54. Plaintiff was harmed by the deceptive acts of the Defendants in that her status with her employer was diminished.

55. The violations of the Defendants were willful. The Defendants knew or acted with reckless disregard of the fact that the "wage assignment demand notices" and the underlying debts

were illegal.

## CLASS ALLEGATIONS

56. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

57. The class consists of (a) all individuals with Indiana addresses (b) who were the subject of a "wage assignment demand notice" (c) sent by Red Cypress Group, Valley Servicing, or Apex Servicing (d) on or after a date beginning 2 years prior to the filing of this action.

58. On information and belief, there are more than 100 members of the class, which is so numerous that joinder of all members is impracticable.

59. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The common questions include:

    a. Whether the "wage assignment demand notices" are unlawful;

    b. Whether the "wage assignment demand notices" violate the FDCPA and the IDCSA.

    c. The responsibility of each Defendant for the illegal collection activities.

60. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

61. Plaintiff will adequately and fairly protect the interests of all members of the class. She has the requisite personal interest in the outcome of this litigation and has no interest antagonistic to any member of the proposed class.

62. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

63. A class action is the superior means of adjudicating this dispute in that:

    a. Individual cases are not economically feasible;

    b. Class members are unlikely to be aware of their rights, the entire scheme

being dependent on concealment of the facts from the class members;

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

    i.    Statutory damages pursuant to IC 24-5-0.5-4 in the amount of $500 per Defendant if not willful or $1,000 per Defendant if willful;

    ii.    Actual damages;

    iii.    Attorney fees, litigation expenses and costs of suit;

    iv.    Such other or further relief as is proper.


*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Heather A. Kolbus (ARDC 6278239 )
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

>*/s/ Daniel A. Edelman*
>Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, class members, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman